J-S24042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SALVADOR MORALES A/K/A SIMON | : | |
| PIRELA | : | |
| | : | No. 1484 EDA 2021 |
| Appellant | : | |

Appeal from the PCRA Order Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1012921-1982

BEFORE: PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED AUGUST 23, 2022**

Salvador Morales a/k/a Simon Pirela (Morales) appeals *pro se* from the order denying his serial petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Philadelphia County (PCRA court), as untimely. He claims that the governmental interference exception is applicable to him because a February 19, 2019 *Philadelphia Inquirer* article about the District Attorney's agreement to vacate the conviction of his co-conspirator, Orlando Maisonet, evidences a

---

[*] Retired Senior Judge assigned to the Superior Court.

*Brady*[1] violation. He also claims the applicability of the newly-discovered facts exception based on the same article because it proves that witness Heriberto Colon potentially provided false testimony against him. We affirm.

We take the following factual background and procedural history from the PCRA court's February 9, 2022 opinion and our independent review of the certified record.

## I.

## A.

In August 1982, Morales and his brother, leaders of a drug-dealing organization, stabbed Jorge Figueroa to death. The brothers were tried together in 1983, but a third alleged co-conspirator, Orlando Maisonet, had not been apprehended at that time. Eyewitnesses Lisa and Heriberto Colon lived in the house where the murder occurred and were there when it happened. Assistant District Attorney (ADA) Roger King conducted the preliminary hearing and ADA Sandy Byrd prosecuted Morales's case. On May 18, 1983, the jury convicted Morales of first-degree murder, conspiracy and possessing an instrument of crime. The trial court sentenced him to death and the Pennsylvania Supreme Court affirmed the judgment of sentence on June 18, 1985. (*See Commonwealth v. Morales*, 494 A.2d 367 (Pa. 1985)).

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963). This requires prosecutors to disclose materially exculpatory evidence in the government's possession to the defense.

On March 11, 1987, Morales filed a *pro se* PCRA petition and appointed counsel filed an amended petition, which the court denied. The Superior Court affirmed the denial and the Pennsylvania Supreme Court denied further review on June 4, 1990. (**See Commonwealth v. Morales**, 565 A.2d 820 (Pa. Super. filed Aug. 30, 1989) (unpublished memorandum), *appeal denied*, 585 A.2d 467 (Pa. 1990)).

Morales filed a counseled second PCRA petition on June 2, 1992. On November 17, 1997, the Pennsylvania Supreme Court found that all claims but one were meritless or previously litigated and remanded for a new sentencing hearing. (**See Commonwealth v. Morales**, 701 A.2d 516 (Pa. 1997)). On January 19, 2000, a jury found that the mitigating circumstances outweighed the aggravating circumstances and Morales was resentenced to life imprisonment.[2]

**B.**

Maisonet was apprehended and convicted for his participation in Figueroa's murder in 1992. ADA King prosecuted his case. In 2016, Maisonet filed a PCRA petition alleging multiple claims of trial counsel ineffectiveness and prosecutorial misconduct. In 2018, the Commonwealth agreed to guilt phase relief based on trial counsel's ineffectiveness but did not concede

---

[2] Thereafter, between then and the petition currently under review, Morales filed at least two PCRA petitions that were denied. (**See** PCRA Court Opinion, 2/09/22, at 2).

prosecutorial misconduct. Maisonet's conviction was vacated in February 2019, and instead of being retried, he chose to plead no contest to third degree murder, conspiracy and PIC, for which he was sentenced to time-served.

On February 19, 2019, the *Philadelphia Inquirer* published an article about Maisonet's case,[3] reporting, in pertinent part, that:

> [In addition to alleging ineffective assistance of trial counsel,] Maisonet and his lawyers claimed that [ADA] King had falsified evidence, withheld information from the defense, and failed to notify the court of possible perjured testimony. The District Attorney's Office supported vacating the conviction, thought it did not concede misconduct. Instead, [it] agreed that Maisonet had received inadequate legal representation, and that it had been prejudicial when [ADA] King showed the jury a clip from *America's Most Wanted* that included a dramatization of the crime. …

(Appellant's Brief, at Attachment 1, *Philadelphia Inquirer* Article, 2/19/19).

This video had not been shown at Morales's trial and ADA King was not the prosecuting attorney in his case.

## C.

On April 4, 2019, Morales filed his PCRA petition now under review. He claimed that the February 19, 2019 *Philadelphia Inquirer* article was sufficient

---

[3] According to the article, Maisonet had contended for decades that Morales and his brother murdered Jose Figueroa and forced him to help dispose of the body. (**See** Appellant's Brief, at Attachment 1, *Philadelphia Inquirer* Article, 2/19/19). Figueroa's sister testified at Maisonet's PCRA hearing in support of vacating his murder conviction.

to overcome the PCRA's time-bar under either the governmental interference or newly-discovered facts exception. Specifically, he alleged that because Maisonet's judgment was based in part on the testimony of Heriberto Colon, who also testified in his trial, the Commonwealth committed governmental interference by offering this possibly perjured testimony and committing other unspecified prosecutorial misconduct in his case. He also claimed that the Commonwealth's misconduct is a previously unknown fact that he only became aware of from the *Philadelphia Inquirer* article. (**See** *Pro Se* PCRA Petition, 4/04/19, at 3). On April 30, 2021, the trial court provided Morales with Rule 907 notice of its intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907(1). The court formally dismissed the petition on June 17, 2021, and Morales timely appealed.[4, 5]

---

[4] The court did not order Morales to file a statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).

[5] Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted).

## II.

## A.

Before considering the merits of Morales's PCRA petition, we must first determine whether the PCRA court properly found that it is untimely under the PCRA's jurisdictional time-bar. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. ***See Commonwealth v. Moore***, 247 A.3d 990, 998 (Pa. 2021).

Morales's judgment of sentence became final on September 16, 1985, when his time to file a petition for writ of *certiori* with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. S. Ct. Rule 13(1). Therefore, he had until September 16, 1986, to file a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). Because Morales did not file the instant PCRA petition until approximately 33 years later, on April 4, 2019, it is facially untimely, and we lack jurisdiction to consider the appeal's merits unless he pleads and proves one of the three limited exceptions to the time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Morales argues that the "gist of what he has newly discovered" from the *Philadelphia Inquirer* article is that "the Commonwealth's key witness in [his] trial and Maisonet's trial … apparently committed perjury, along with other allegations of prosecutor misconduct against ADA King, that prompted" vacating Maisonet's conviction. (Morales's Brief, at 6).[6] He maintains that these facts support either the governmental interference exception based on a **Brady** claim or a newly-discovered facts exception. (**See id.** at 1, 4-6, 8).

---

[6] Morales also attaches a November 14, 2021 *Philadelphia Inquirer* article to his brief and argues that this offers further proof of the Commonwealth's alleged governmental interference. (**See** Morales's Brief, at 5-6, Attachment 2). However, we are precluded from considering this article because we may only consider evidence of record in the PCRA court at the time the subject order was entered. **See Commonwealth v. Duffey**, 889 A.2d 56, 61 (Pa. 2005). Moreover, the article is not about Morales's case and ADA King was not the prosecutor.

**1.**

"Although a **_Brady_** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." **_Commonwealth v. Abu-Jamal_**, 941 A.2d 1263, 1268 (Pa. 2008), _cert. denied_, 555 U.S. 916 (2008) (citation omitted).

First, while Morales maintains that he has discovered that the key witness in both his own and Maisonet's trial possibly committed perjury and that other potential prosecutorial misconduct occurred, this is pure speculation where Maisonet's counsel made the claims, but the Commonwealth did not concede any misconduct. Instead, Maisonet's conviction was vacated due to defense counsel's ineffectiveness. In fact, even if the Commonwealth had conceded misconduct in that case, it would not establish any **_Brady_** violations or misconduct in Morales's case.

ADA King, the subject of the _Philadelphia Inquirer_ article, was not even the prosecutor in Morales's case, and Morales provides absolutely no proof or any specific allegations that the ADA in his own case committed any misconduct. Hence, the PCRA court properly found that he has failed to plead and prove the applicability of the governmental interference exception. **_See Commonwealth v. Dickerson_**, 900 A.2d 407, 411 (Pa. Super. 2006), _appeal denied_, 911 A.2d 933 (Pa. 2006) (finding that alleged **_Brady_** violation did not

establish governmental interference exception to the PCRA time-bar where it was "nothing but pure speculation.").

**2.**

> The newly-discovered facts exception "renders a petition timely when the petitioner establishes that [']the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']" ***Commonwealth v. Small***, 238 A.3d 1267, 1271 (Pa. 2020), (quoting 42 Pa.C.S. § 9545(b)(1)(ii).) A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" ***Id.*** at 1282 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." ***Id.*** (citation omitted).

***Commonwealth v. Trivigno***, 262 A.3d 472, at *3 (Pa. Super. filed Aug. 6, 2021).[7] Under the newly-discovered facts exception, "the focus is on newly discovered facts, not on a new source for previously unknown facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (emphasis added).

Morales argues that the discovery of the February 19, 2019 article that contained allegations of misconduct against ADA King in Maisonet's trial, particularly the unsubstantiated claim of perjured testimony, was a fact also supporting the newly-discovered facts exception. (***See*** Morales's Brief, at 4-

---

[7] "Non-precedential Superior Court decisions filed after May 1, 2019 may be cited for their persuasive value." Pa.R.A.P. 126(b).

6). Although *Trivigno* addressed an article's allegations against a detective rather than an ADA, we find its reasoning instructive. In *Trivigno*,

> Appellant argue[d], in sum, that a newspaper article describing or encouraging ongoing investigations of [an investigating detective]'s alleged misconduct in other cases satisfies the newly-discovered facts exception to the PCRA jurisdictional time-bar. We find *Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017) instructive in resolving the precise issue before us. In *Chmiel*, our Supreme Court held that an FBI press release, and the attendant admissions by the FBI contained therein, constituted a newly-discovered fact for purposes of triggering an exception to the PCRA jurisdictional time-bar. *Chmiel*, 173 A.3d at 629. Chmiel asserted that an FBI press release and a subsequent *Washington Post* article publicizing the press release contained facts which satisfied the newly-discovered facts exception. *Id.* at 625. Inherent in both the FBI press release and the *Washington Post* article were the facts that (1) "the FBI publicly admitted that the testimony and statements provided by its analysts about microscopic hair comparison analysis were erroneous in the vast majority of cases" and (2) "the FBI had trained many state and local analysts to provide the same scientifically flawed opinions in state criminal trials." *Id.* Our Supreme Court concluded that it was not the source of the facts, *i.e.*, a press release or a newspaper article, that satisfied the newly-discovered facts exception but, rather, it was the information contained in those media sources which satisfied the newly-discovered facts exception. *Id.* at 628. Stated simply, facts are not what a reader gleans from media reports or newspaper articles but, instead, facts are the substantive events, *i.e.*, the FBI's admission of error, which prompted the report by the media. *See Castro*, 93 A.3d at 825 n.11 (reiterating that, "[facts] cannot consist of what one hears on the news" (citation omitted))[.] …
>
> … [Here,] [a]lthough the newspaper article reports instances of alleged misconduct by [the subject detective] in his investigation of other criminal cases, the newspaper article, unlike the FBI press release in *Chmiel*, does not specifically cite any admissions or conclusive findings of wrong-doing by [the detective] that may be linked to Appellant's case. *Id.* … Therefore, Appellant failed to demonstrate that the newspaper article contained a fact that

triggered the newly-discovered facts exception set forth at 42
Pa.C.S.A. § 9545(b)(1)(ii).

***Trivigno***, *supra* at *4 (one case citation omitted).

Similarly, here, the substantive event for the *Philadelphia Inquirer* article was that the Commonwealth agreed with the decision to vacate Maisonet's sentence for defense counsel's ineffective assistance and because of a prejudicial video, but "did not concede misconduct" by ADA King. (Morales's Brief, at Attachment 1). Although the article states that Maisonet's counsel **claimed** prosecutorial misconduct, including possibly suborning perjury, it does not cite any admissions or conclusive findings of wrongdoing in Maisonet's case, let alone in Morales's. Morales was prosecuted by a different ADA, the two men had different defense counsel and the prejudicial video was not shown at Morales's trial.

Further, Morales does not fall within the exception that the Commonwealth committed governmental interference by offering this possibly perjured testimony. He suggests that the perjured testimony was that of Heriberto Colon, who also testified in his trial. The *Philadelphia Inquirer* article does not name Heriberto Colon, and Morales does identify what Colon testified that he purports was perjured.

Finally, Morales is unable to establish that he exercised due diligence in discovering any alleged perjury in Maisonet's case and its potential effect on his own conviction. Maisonet's trial was in 1992. If there was any perjured testimony that was inconsistent with a version of events testified to in

Morales's trial, Morales could have discovered it at that time. ***See***, ***e.g.***, ***Commonwealth v. Porter***, 35 A.3d 4, 21-22 (Pa. 2012) (finding lack of diligence when defendant did not explain why he could not have contacted known witness in decades between trial and discovery of alleged new fact).

Accordingly, the PCRA court properly found that Morales also has failed to plead and prove that that the newspaper article contained a fact that triggered the newly-discovered facts exception or that any allusion to perjury established the governmental interference exception.

**B.**

Moreover, we briefly note that even assuming *arguendo* that the *Philadelphia Inquirer* article formed the basis for a PCRA time-bar exception, Morales would not be entitled to relief under a newly-discovered evidence theory. "[A] defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence solely to impeach a witness's credibility." ***See Commonwealth v. Griffin***, 137 A.3d 605, 610 (Pa. Super. 2016), *appeal denied*, 157 A.3d 476 (Pa. 2016). Any evidence of Colon giving perjured or inconsistent testimony would go solely to impeach his credibility.

Additionally, Morales is unable to prove a ***Brady*** claim based on the *Philadelphia Inquirer* article where no wrongdoing was conceded, and the subject ADA was not involved in his case after the preliminary hearing. There has been absolutely no allegation in the decades since Morales's trial that the Commonwealth's attorney in his case committed any wrongdoing such as that

alleged in the Maisonet litigation. (*See* Morales's Brief, at 5) (quoting *Philadelphia Inquirer* article's language that "Maisonet and his lawyers claimed that King had falsified evidence, withheld information from the defense, and failed to notify the court of possible perjured testimony."). Even if the article were considered newly-discovered evidence, Morales would not be entitled to relief because it would have no material effect on the circumstances of his case. *See Commonwealth v. Tharp*, 101 A.3d 736, 748 (Pa. 2014) ("[T]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.").[8] Accordingly, even if the subject article could form the basis for a PCRA timeliness exception, Morales would not be entitled to relief.

Order affirmed.

---

[8] Morales complains that the court dismissed his petition without appointing counsel or convening an evidentiary hearing. (*See* Morales's Brief, at 1, 6). This complaint is not persuasive. It is well-settled that "[t]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Commonwealth v. Brown*, 196 A.3d 130, 192-93 (Pa. 2018) (citation and internal quotation marks omitted). "An evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim[.]" *Id.* at 193 (citation and internal quotation marks omitted). Further, pursuant to Pa.R.Crim.P. 1504, "the PCRA court is required to provide counsel to indigent petitioners only on the **first** PCRA petition." *Commonwealth v. Vega*, 754 A.2d 714, 719 (Pa. Super. 2000) (emphasis in original).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022